UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBERT MITCHELL | : | CIVIL NO. 3:02CV2136(AVC) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE COLLIN, TASI VRIGA and EUGENE MIGLIARO, JR. | : | |
| *Defendants* | : | July 21, 2004 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR RECONSIDERATION**

The defendants submit that the Court should reconsider its June 30, 2004 ruling denying summary judgment on the last remaining count pertaining to the plaintiff's procedural due process claim that he was dismissed on July 11, 2002. Specifically, the defendants contend that there is insufficient evidence to support a Section 1983 claim because the plaintiff has offered no evidence of intentional conduct. At best, the plaintiff's admissions of the defendant's Rule 56(a)(1) Statement of Facts shows that the defendants erred in dismissing the plaintiff during what the agency's personnel department incorrectly believed was a working test (probationary period) amounts to negligent conduct. (Facts ¶¶ 49-51).

It is well settled law that a § 1983 claim cannot be premised upon negligent conduct. <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662 (1985). Even in the context of a procedural due process claim in which a plaintiff was denied a hearing when one was required, the legal focus shifts to whether the decision to deprive a person of a protected

interest was made more than negligently.  See, Howard v. Grinage, 82 F.3d 1343, 1349 (6th Cir. 1996).

Furthermore, when the plaintiff is challenging a mistake made by a state employee relating to due process, rather than the state procedures by which those mistakes were made, the Supreme Court requires that the court consider the adequacy and availability of remedies under state law before concluding that a deprivation of life, liberty or property has occurred.  Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed.2d 420, (1981); Zinermon v. Burch, 494 U.S. 113, 131-32, 110 S. Ct. 975, 108 L. Ed.2d 100, (1990); Rivera v. Sheahan, 1998 U.S. Dist. LEXIS 12800 (N.D. Ill 1998)(cannot state a procedural due process claim because state employee miscalculated correct prison term).

In the present case, several post-deprivation remedies existed for Mitchell under state law, including a formal statutory grievance procedure under Conn. Gen. Stat. § 5-271(e).  Known as a "Sperl" hearing after Connecticut Labor Department Ruling that established the parameters of the hearing for employees still within their probationary working test period pursuant to state law,  the plaintiff had adequate remedies under state law.  Employees covered under a formal union contract also possess a contractual right to grieve certain employer actions.  The purpose of the language in Parratt is to prevent turning every technical mistake or act by state employees into a federal lawsuit.

Lastly, the plaintiff has offered no evidence in resistance to summary judgment to create a material issue of fact that any of the defendants acted willfully or with gross negligence in relying on the personnel department's conclusion that the plaintiff was still

in his working test period when he was terminated in July 11, 2003.[1] More accurately, the plaintiff admits that when the error about his working test period was detected, his termination was rescinded and he was given a hearing. (Facts, ¶¶ 49-52).

In sum, absent evidence that the defendants knew and intentionally or through gross negligence deprived him of procedural due process, there can be no liability. The defendants urge the court to reconsider its legal analysis on this issue before a trial is held on a very narrow legal claim that, at best, can produce nominal damages.

                                                      DEFENDANTS,

                                                      RICHARD BLUMENTHAL
                                                      ATTORNEY GENERAL

By:   _____
      Joseph A. Jordano
      Assistant Attorney General
      Federal Bar # ct21487
      55 Elm Street, P.O. Box 120
      Hartford, CT 06141-0120
      Tel: (860) 808-5340
      Fax: (860) 808-5383
      Email:Joseph.Jordano@po.state.ct.us

---

[1] The plaintiff has offered no evidence that any of the defendants had any involvement in determining if Mitchell was still in his working test period. Defendants Collin and Vriga both testified that the personnel department determined that Mitchell was still in his probationary period.

## **CERTIFICATION**

I hereby certify that pursuant to §5(b) of the Federal Rules of Civil Procedure, a copy of the foregoing Defendants' Memorandum of Law in Support of Their Motion for Reconsideration was sent via first class mail, postage prepaid, this 21st day of July, 2004, to:

>John R. Williams, Esq.
>Williams & Pattis, LLC
>51 Elm Street, Suite 409
>New Haven, CT  06510

_____
Joseph A. Jordano
Assistant Attorney General