**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HERBERT MITCHELL | : | CIVIL NO. 3:02CV2136(AVC) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE COLLIN, TASI | : | |
| VRIGA and EUGENE | | |
| MIGLIARO, JR. | : | |
| *Defendants* | : | August 3, 2004 |

**DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION FOR RECONSIDERATION**

The plaintiff does not attempt to explain or distinguish the legal premise stated in

Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed.2d 420, (1981), Zinermon v.

Burch, 494 U.S. 113, 131-32, 110 S. Ct. 975, 108 L. Ed.2d 100, (1990) and  Rivera v.

Sheahan, 1998 U.S. Dist. LEXIS 12800 (N.D. Ill 1998)(cannot state procedural due

process claim because state employee miscalculated correct prison term).   Furthermore,

all of the facts cited by the plaintiff in his response are irrelevant to the narrow issue of

whether the defendants intentionally denied the plaintiff a hearing in violation of due

process.

The court has already rejected all of the plaintiff's claims premised on an alleged

assault on June 21, 2002, his subsequent layoff in 2003, the recording of certain security

department documents and plaintiff's complaint to the Rocky Hill police, etc.  None of

the alleged facts cited by the plaintiff have any bearing on the singular remaining legal

issue. That is the point of the defendants' motion for reconsideration.  The defendants

remind the court that the plaintiff has no evidence, and has offered no evidence, about

which of the defendants, if any, actually made the decision to terminate the plaintiff during what was believed to be his working test period.

The defendants do not dispute that the plaintiff was let go on July 11, 2002 without a formal hearing for the reasons stated in the defendants' statement of undisputed facts. (Facts, ¶¶ 49-51). The plaintiff mistakenly thinks that the narrow procedural due process claim relating to the July 11, 2002 termination permits him to litigate all of his alleged claims, even those that have been rejected by the court as the law of the case.

The request for reconsideration raises the narrow legal issue that as a matter of law the district court should have considered whether state law provided adequate remedies before concluding that an actionable due process violation was possible. The plaintiff's resistance of the motion for reconsideration has no substantive merit. The plaintiff knows that he cannot prove that any of the defendants acted upon any information other than a mistake of fact regarding whether the plaintiff was still in his working test period. The court should seriously reconsider its ruling that will permit what is at best a technical violation of due process that was quickly corrected within a week's time, to go to trial.

For all of the above reasons the court should reverse its early ruling and dismiss the one remaining claim.

DEFENDANTS,

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
E-mail: Joseph.Jordano@po.state.ct.us


## **CERTIFICATION**

The undersigned hereby certifies that on the 3rd day of August, 2004, a true and

accurate copy of the foregoing was sent by United State mail, first class postage prepaid,

to the following:

John R. Williams, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510


_____
Joseph A. Jordano
Assistant Attorney General