**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HERBERT L. MITCHELL | : | NO. 3:02CV2136(AVC) |
|    *Plaintiff* | : | |
| V. | : | |
| | : | |
| MAURICE L. COLLIN, | : | |
| TASI VRIGA, and | : | |
| EUGENE A. MIGLIARO, JR. | : | |
|    *Defendants* | : | July 29, 2004 |

**JOINT TRIAL MEMORANDUM**

**(1)**   **TRIAL COUNSEL**

   **For the Plaintiff:**

   John R. Williams
   Norman A. Pattis
   Timothy J. Mahoney
   Kim Coleman Waisonovitz
   Joseph M. Merly
   Williams and Pattis, LLC
   51 Elm Street, Suite 409
   New Haven, CT 06510
   Tel.: (203) 562-9931
   Fax:  (203) 776-9494
   E-Mail: jrw@johnrwilliams.com

**For the Defendants:**

Joseph A. Jordano
Assistant Attorney General
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel.: (860) 808-5340
Fax: (860) 808-5383
E-Mail: Joseph.Jordano@po.state.ct.us

**(2)   JURISDICTION**

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

**(3)   JURY-NONJURY**

This is a jury case.

**(4)   LENGTH OF TRIAL**

Two days.

**(5)   FURTHER PROCEEDINGS**

Defendants have a motion for reconsideration of the court's summary judgment ruling pending and have filed herewith a motion in limine to prevent the plaintiff from offering any evidence regarding the alleged assault the plaintiff claims occurred in June 2002, or any evidence attempting to litigate any factual issues already dismissed by the court other than the narrow issue about why the defendants did not afford the plaintiff a hearing before the agency issued its letter

of July 11, 2002.  Defendants submit that the remaining procedural due process claim is very narrow.

**(6)    NATURE OF CASE**

The plaintiff was employed as a employed as a Veterans' Service Officer with the Connecticut Department of Veterans' Affairs.  He contends that the defendants terminated him from that job without due process of law in violation of the Fourteenth Amendment.

Defendants deny that they intentionally deprived the plaintiff of due process of law and that the failure to conduct a pre-termination hearing was due to an inadvertent error by the personnel department. Furthermore, the defendants submit that they are entitled to qualified immunity.

**(7)    TRIAL BY MAGISTRATE JUDGE**

No objection. Written consent to trial by Magistrate Judge Smith has been submitted to the court.

**(8)    LIST OF WITNESSES**

**For the Plaintiff:**

1.  Herbert Mitchell. The plaintiff will testify concerning all of his allegations and his damages.  (Two hours)

2.  Defendant Collin will testify concerning his actions regarding the plaintiff.  (One hour)

3.  Defendant Vriga will testify concerning his actions regarding the plaintiff.  (One hour)

4.  Defendant Migliaro will testify concerning his actions regarding the

plaintiff.  (One hour)

     5.  Brian Toolan, 287 West Street, Rocky Hill, CT 06067, will testify concerning events prior to the plaintiff's termination.  (One hour)

     **For the Defendants:**

     1.    Defendant Tasa Vriga will testify to facts about to why the plaintiff was terminated on July 11, 2002 without a formal hearing do to a mistake made by the personnel office; the action taken by the agency to correct the error when it learned of the mistake; the due process hearing the plaintiff did receive, etc. Furthermore, if necessary, this witness will testify to his observations of the plaintiff's conduct.  (45 minutes)

     2.    Defendant Collin will testify to any facts he is aware of relating to the subject matter of defendant Vriga's testimony, along with any information about his interactions and supervision of the plaintiff to refute testimony of the plaintiff that the court permits, if any, beyond the procedural due process issue. (1 hour)

     3.    Noreen Sinclair, Director of Personnel for the Department of Veteran Affairs. Ms. Sinclair will testify to the error that was made by the personnel department when it concluded that the plaintiff was still in his working test period.  She will also testify that none of the defendants were involved in the actual decision about whether a pre-termination hearing was required and that the July 11, 2002 letter was prepared by the personnel office, not by the defendants.

     4.    Herbert Mitchell will be called to testify about certain allegations in his complaint, damages, etc.

     5.    Christopher Dunn will testify to facts relating to allegations by the plaintiff as to security reports, record keeping by the agency and Brian Toolan's work history, etc.

     6.    Hugo Adams, Director of Security , DVA. This witness will testify, if necessary, to the results of his investigation into an alleged assault by M. Collins against H. Mitchell on June 21, 2002.

     The defendant reserves the right to call any witnesses listed by the plaintiff.

**(9)    EXHIBITS**

**For the Plaintiff:**

1    Plaintiff's resume

2    Job offer to plaintiff from defendant Collin

3    Job description for Veterans Service Officer

4    Report of Brian J. Toolan dated 6/24/02

5    Memo from Adams to Vriga, Collin, Mitchell and Matulis, dated June 24, 2002

6    Memo from Collin to Cantin dated June 27, 2002

7    Memo from plaintiff to Adams dated June 27, 2002

8    Letter from Vriga to plaintiff dated July 11, 2002

9    Memo from plaintiff to Kowaleski dated July 15, 2002

10    Second memo from plaintiff to Kowaleski dated July 15, 2002

11    Handwritten receipt dated July 11, 2002

12    Letter from Vriga to plaintiff dated July 17, 2002

13    Plaintiff's medical records

**For the Defendants:**

The defendant may offer some or all of the following exhibits:

1.    Letter dated October 17, 2001 from Maurice Collin to plaintiff;

    2.       Memo dated May 10, 2002 from Collin to office staff;

    3.       Memo dated May 14, 2002 from Collin to Mitchell;

    4.       Memo dated June 21, 2002 from Collin to Mitchell;

    5.       Memo dated August 14, 2002 from Hugo Adam (w/ attachments)

    6.       Rocky Hill Police report, Case no. 02-16057 (w/ attachments)

    7.       Letter dated July 11, 2002 from Vriga to Mitchell

    8.       Letter dated July 17, 2002 from Vriga to Mitchell

    9.       Stipulated Agreement, for OLR Case. 12-5150, dated 10/02

    10.     Plaintiff's Deposition testimony as follows: 6:1-7:20; 11:22-13:12; 14:2-16: 16:1-17:9; 18:3-24:13; 25:8-28:15; 32:5-34:1; 34:20-35:24; 40:2-42:7; 43:1-44:11; 46:3-49:6; 59:14-65:19; 65:25-68:9; 77:9-80:20; 82:1-25; 88:9-90:8; 90:17-91:7; 92:3-101:1; 105:1-107:3; 107:4-108:4; 109:16-11:5; 144:5-9; 151:14-152:11; 152:17-153:1

Defendants reserve their right to offer any exhibits listed by the plaintiff.

**(10)**   **PROPOSED VOIR DIRE QUESTIONS**

<u>Plaintiff's Proposed Questions</u>:

  1. This is a lawsuit brought by a former Veterans Service Officer against former officials of the Connecticut Department of Veterans Affairs. The suit alleges that the defendants terminated the plaintiff's employment in a manner which denied him his constitutional right to due process. Is there any reason why you would have difficulty

being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2.  Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.  Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against those they believe to be responsible?  If so, please explain.

4.  Have you or has anyone close to you ever been the victim of employment discrimination?

5.  Have you or anyone close to you ever lost a job for reasons you considered to be unfair?

6.  Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7.  Do you know or have you read anything or heard anything about this case, the plaintiff, any of the defendants or any of the lawyers involved in the case?

8.  Has anyone here ever served as an appointed or elected official of state, city or local Government?

9.  Has anyone here or anyone close to you ever been involved in any political campaigns or elections?  If so, please provide details.

10.  Has anyone here or any close to you ever been employed by an attorney?

11. Would you tend to favor one side or the other in this case without regard to the evidence which may be presented?

12. Does anyone here believe that allegations of employment discrimination should be treated less seriously than other kinds of illegal activity?

13. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with discrimination in employment or elsewhere?

14. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

15. Where are you employed?

16. If you are married, where is your spouse employed?

Defendants Proposed Questions:

See Addendum "A" attached hereto.

**(11)    PROPOSED JURY INSTRUCTIONS**

PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

1. The plaintiff has brought this lawsuit to obtain redress for what he contends were violations of his rights under the United States Constitution, specifically his right to due process of law at his workplace. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person or persons who, under color of State law, deprive that individual of any of his constitutional rights.

"Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, officials of the Connecticut Department of Veterans Affairs.  In this case, the plaintiff has met her burden of proving that the defendants acted under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

2.  It is not necessary to find that the defendants had any specific intent to deprive the plaintiff of his civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to recover damages if the defendants intended the actions which resulted in the violation of the plaintiff's rights or if the defendants acted in reckless disregard of the plaintiff's rights.  Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522 F.2d 438 (6th Cir. 1975); Gregory v. City of Rogers, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989); Caballero v. City of Concord, 956 F.2d 204 (9th Cir. 1992); Presnick v. Santoro, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

3.  If you find that the defendants are liable to the plaintiff on any of the grounds advanced in this lawsuit, you should then consider the question of damages.  There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory

damages and punitive damages. Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff. These injuries include money actually spent or debts incurred as a result of the injury, as well as emotional anguish, impairment of reputation, personal humiliation, and other suffering. In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendants. Among the elements of injury and harm for which compensation may be awarded are:

    a) The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future;

    b) Lost wages or earnings;

    c) Attorney fees or other expenses and costs of legal representation;

    d) Medical bills or expenses.

Actual loss is not limited to expenses or debts incurred. Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation. You should award damages in such a case to the extent that the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss

sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

    4.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendants, if you find them to have been proved, were so serious that the defendants should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendants engaged in any one of the following things:

    1)  Willful or malicious violation of the constitutional rights of the plaintiff;

    2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages. [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

     5. The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community. In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case. These factors include the behavior of the defendant at trial and his or her apparent lack of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

     6. When two or more persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or performing it under circumstances which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants. The law does not

require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable with him.  Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even though it be a tacit one.  [Prosser, Law of Torts, Section 46, pp. 291-95 (4th Ed. 1971); Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982).]

      7.  The plaintiff contends that the defendants terminated his employment with the Connecticut Department of Veterans Affairs, or caused it to be terminated, in a manner which denied him his constitutional right to due process of law.  A public employee is entitled to notice of the charges, an explanation of the evidence, and an opportunity to be heard at a meaningful time and in a meaningful manner.  Governmental employers must recognize their employees' property interest in continued employment.  To respect this interest, a public employer must provide certain pre-termination procedures before removing an employee.  These include (1) oral or written notice of the charges; (2) an explanation of the employer's evidence; and (3) an opportunity for the employee to tell his side of the story.  The hearing must be a real hearing and not merely a matter of "going through the motions."  Due process requires that, prior to termination, an

employee be given the chance to tell her side of the story, and that the agency be willing to listen. Biased process is not due process. Due process requires that a hearing must be a real one, not a sham or a pretense. [Cleveland Board of Education v. Loudermill, 470 U.S. 532, 538 (1985); Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Perry v. Sindermann, 408 U.S. 593 (1972); Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 164 (1951); Wainscott v. Henry, 315 F.3d 844, 852 (7th Cir. 2003); Ryan v. Illinois Dept. of Children and Family Services, 185 F.3d 751, 762 (7th Cir. 1999). Levenstein v. Salafsky, 164 F.3d 345, 352 (7th Cir. 1998); Ciechon v. City of Chicago, 686 F.2d 511, 517 (7th Cir. 1982).]

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

See Attachment "B" to this joint trial memo.

**(12)   OPENING STATEMENTS**

The parties request opening statements.

THE PLAINTIFF

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203/562-9931

        FAX: 203/776-9494
        E-Mail: jrw@johnrwilliams.com
        His Attorney

        THE DEFENDANTS

BY:_____
        JOSEPH A. JORDANO (ct21487)
        Assistant Attorney General
        55 Elm Street, P. O. Box 120
        Hartford, CT 06141-0120
        Tel. (860) 808-5340
        Fax: (860) 808-5383
        E-Mail: Joseph.Jordano@po.state.ct.us
        Their Attorney