# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBERT MITCHELL, | : | CASE NO. 3:02CV2136 (AVC) |
| Plaintiff, | : | |
| | | |
| v. | | |
| | : | |
| MAURICE COLLIN, TASI VRIGA, | : | |
| EUGENE A. MIGLIARO. JR., | : | |
| *Defendants* | : | July 30, 2004 |

### DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### INSTRUCTION NO. 1

### GENERAL INSTRUCTIONS

Ladies and Gentlemen of the Jury:

Now that you have heard the evidence and the arguments, it is my duty to instruct you as to the law applicable to this case.

1.      It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law, but you must consider the instructions as a whole, nor are you to be concerned with the wisdom of any rule of law stated by me.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law other than that given in the instructions of the

Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. [1/]

2.      Counsel have quite properly referred to some of the governing rules of law in their arguments.  If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you must follow this Court's instructions.

3.      It is your duty as a jury, to deliberate on this case and arrive at a decision based upon the evidence and the law. Sympathy has no place in the case and you should definitely avoid any consideration of sympathy as a basis for your decision.  The legal rights of the defendants and the plaintiff are both to be safeguarded.  All of the parties, the plaintiff and the defendants, are equal in the eyes of the law and are entitled to equal protection of the law and equal rights in the hands of the jury.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences of your decision.

4.      Nothing I say in these instructions is to be taken as an indication that the Court has any opinion about the facts of the case.  It is not my function to determine the facts, but rather it is yours.

5.      Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given to you in my instructions.

---

[1/]      Paragraphs 1-12 of Instruction 1, were adapted from instructions utilized by the Court in the case of <u>Coleman v. Siedel,</u> 533 F. Supp. 593 (D.Conn. 1980).  Authority for remaining paragraphs appears by footnote directly after each instruction.

6.     As the sole judges of the facts, you, the jury, must determine which of the witnesses you believe and what portion of their testimony you accept, and what weight you attach to it.  At times during the trial the court has sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, has instructed that it be stricken from the record and that you disregard it and entirely dismiss it from your minds.

7.     You may not draw inferences from unanswered questions, nor may you consider testimony that has been stricken in reaching your decision.  The law requires that your decision be made solely upon the competent evidence before you.  The items that I have excluded from your consideration have been excluded because they are not legally admissible.

If in these instructions any rule, direction or idea is repeated or stated in varying ways, no emphasis thereon is intended by me and must not be inferred by you.  For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others, but are to consider all the instructions as a whole and are to regard each in light of all the others.

8.     The Court will first direct your attention to certain general principles, which will guide your consideration of the matters which are in litigation, before discussing the specific facts of this case and the law applicable thereto.

9.     You, ladies and gentlemen, are the sole judges of the facts. You are to find the truth as to the facts and in so doing, to recollect the testimony, and from that recollection of the testimony, including the weighing of that testimony and passing upon the credibility of the witnesses, draw your own conclusions as to what the ultimate facts of the case are.  In so doing, you are not to be governed by what counsel for either of the parties in their arguments may say the testimony was, or even what the Court might say the evidence in the case was; for if your recollection of the factual evidence is different, it is your recollection that must govern. Statements and arguments of counsel are not evidence in the case.

10.     If you wish to have the courtroom testimony of any witness repeated or verified, you may request the Court by a note from your foreperson, in writing, to have that part of any witness' testimony read back to you by the court reporter.  For, as I previously stated, you are to be the sole judges of the facts.

11.     In weighing the evidence, you are allowed to draw logical inferences from facts which you find have been proved; but you must not go outside the evidence to find facts, nor to resort to guesswork or conjecture.

12     The law you must accept is that stated by the Court in this charge; and you should do this without regard to any claims as to the law which may have been made by counsel for either side during the trial or during the summation arguments; also without regard to any personal convictions you may have yourself as to what the law ought to be, as it applies to the kind of case that has been presented before you here.

## INSTRUCTION NO.  2

### **Burden of Proof**

1.      The burden is on the plaintiff, Herbert Mitchell, in this civil action to prove every essential element of his claim by a preponderance of the evidence.  If the plaintiff should prove each essential element of his claims by a preponderance of the evidence, the jury should find for the plaintiff.   If, however, the proof should fail to establish any essential element of the plaintiff's claims by a preponderance of the evidence in the case, the jury should find for the defendants.

2.      Now, what do I mean by a fair preponderance of the evidence?  What is the measure of this weight or burden?  Well, it is simply this:  the plaintiff has the burden of proving by the better evidence, the weightier evidence, that the proposition or propositions which he advances are so, that they are true.  Of course, you cannot literally weigh evidence on an imaginary pair of scales, although we use that term.  But, if you could weigh evidence on an imaginary pair of scales for, or against a proposition, if it were in balance, that is, equal balance, then the burden that the plaintiff is required to meet would not be met.

3.      If from all the evidence, you cannot tell whether a proposition has been sustained or not, of necessity you have to find that the burden of proof has not been met.  But, if it preponderates - that is, if the evidence produced by the plaintiff who has the burden of proof ever so slightly in his favor, then that burden has been met.

4.      It is not required that the defendants come into Court and attempt, if they do not so desire, to dispute the claims of the plaintiff or to minimize the damages which he claims; and they are not required to produce any evidence one way or another.  The defendants may, of course, as it has done in this case, present such evidence as they choose, and cross-examine the plaintiff's witnesses.  The plaintiff carries the burden of proving his case.

5.     All of the testimony must be weighed by you, including that which is brought out on cross-examination and that which the defendants have presented and all the facts admitted in the pleadings and the other evidence in the case, in determining whether or not the plaintiff has established his claims, by a fair preponderance of the evidence.

6.     In this case, in determining whether or not the plaintiff has established and proved by a fair preponderance of the evidence the allegations of his complaint, the Court makes reference to the words "prove" or "find" with reference to the burden which rests upon the plaintiff here.  However, throughout this jury charge you will understand, when I say the plaintiff has to prove a fact to you or that you may find a fact based upon the proof in the case, I mean that he must prove to you with this degree of proof that I have just defined; that is by a fair preponderance of the evidence, even though I simply use the word "prove" or the word "find."

7.     In other words, in a civil action, such as this, the burden is on the plaintiff to prove this claim by a preponderance of the evidence.  If he should fail to do so, then you would find for that defendants.  To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

8.     Putting it another way, "establishing something by a preponderance of the evidence" means that you are convinced what is claimed to have happened, most likely did so.  It is the plaintiff's burden to produce evidence, if he can, that will convince you that the actions of the defendants as applied to the plaintiff, violated the law.

**INSTRUCTION NO. 3**

<u>**Evidence**</u>

1.      There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence such as testimony of an eye witness.   The other is indirect or circumstantial evidence, the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

2.      Now, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

3.      You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

4.      Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in this case.  You cannot, however, resort to speculation or conjecture.

5.      The party upon whom rests the burden of proving a fact or issue has sustained that burden if all of the evidence, including both that presented by the plaintiff and that presented by the defendant considered fairly and impartially, induces in your mind a reasonable belief that it is more probable than otherwise that such fact or issue is true.

# INSTRUCTION NO. 4

**<u>Witnesses</u>**

1.      Now, in respect to the credibility of witnesses:  The credibility of witnesses and the weight to be given to their testimony are matters which it is peculiarly your function to determine.  However, I may properly make certain suggestions to you.

2.      No fact is, of course, to be determined merely by the number of witnesses testifying for or against it; it is quality, not the quantity of testimony that counts.

3.      In weighing the testimony of a witness you should consider his or her appearance upon the witness stand; you should try to size the witness up; you should have in mind all those little circumstances which point up to his truthfulness or untruthfulness.  You should consider any possible bias or prejudice he may have, whether for or against the plaintiff or a defendant; his interest or lack of interest of whatever sort in the outcome of the trial and whether he has permitted bias or interest to color his testimony; his ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

4.      You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action.  If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it.  In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in your everyday life.

5.      The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine.  When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind, and scrutinize the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his testimony, and give it

that weight which your common sense leads you to think it ought to have, and which you would attach to it in ordinary affairs of life.

6.      Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons witnessing the same incident or transaction may see or hear it differently; and innocent mis-recollection, like failure of recollection, is not an uncommon experience.   In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

7.      If, however, you conclude that a witness has not only testified falsely but that he/she had done so intentionally or willfully, that facts casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of his/her testimony.  In this regard you may also take into consideration a witness' previous criminal history for the purpose of weighing the credibility of that witness' testimony in this Court.

8.      You have had the opportunity to observe all the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

9.      It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.   It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

10.     You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

**INSTRUCTION NO. 5**

I.      <u>Instructions on 42 U.S.C. § 1983</u>

The claim before you is based upon 42 U.S.C. § 1983.  This claim is directed solely at the defendants, Maurice Collin, Tasi Vriga and Eugene Migliaro, Jr., in their individual capacities. The plaintiff claims that the defendants discriminated against him and violated his due process rights.

**The Statute**

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional (or statutory) rights under color of state law.  Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Burden of Proof**

I shall shortly instruct you on the elements of plaintiff's Section 1983 claim, and on the elements of defendant's affirmative defenses.

The plaintiff has the burden of proving each and every element of his Section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's Section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

The defendants have the burden of proving each element of their affirmative defenses.  I shall shortly instruct you on the elements of these defenses.  If you find that any one of the elements of defendants' defenses has not been proven by a preponderance of the evidence, you must disregard the defense.[2]

### Elements of a Section 1983 Claim

To establish a claim under Section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. [3]

I shall now examine each of the three elements in greater detail.

### First Element - Action Under Color of State Law Definition

The first element of the plaintiff's Section 1983 claim is that the defendants acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of Section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

---

[2]      Authority:  Gomez v. Toledo, 446 U.S. 635, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980).

[3]      Authority:  Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state. Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts do not violate state law; what is important is that the defendants were clothed with the authority of state law, and that the defendants' action were made possible to virtue of state law. In this case, it is not disputed that the actions of the Defendants were taken while they were acting in their capacity as a state employee, and you can therefore find that the Defendants were acting under color of law, within the meaning of Section 1983.[4]

### Second Element - Deprivation of Right

The second element of plaintiff's claim is that he was deprived of a federal right by the defendants. In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence: First, that the defendants committed the acts alleged by plaintiff; Second, that those acts caused the plaintiff to suffer the loss of a federal right; and, Third, that in performing the acts alleged, the defendants acted intentionally or maliciously.[5]

---

[4]     Authority: <u>Adickes v. S.H. Kress Co.</u>, 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); <u>Monroe v. Pape</u>, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961); <u>Screws v. United States</u>, 325 U.S. 91, 65 S. Ct. 1031, 89 L. Ed. 1495 (1945); <u>United States v. Classic</u>, 313 U.S. 299, 61 S. Ct. 1031, 85 L. Ed. 1361 (1941); <u>Hague v. C.I. Co.</u>, 307 U.S. 496, 59 S. Ct. 954, 83 L. Ed. 1423 (1939); <u>Home Telephone & Telegraph Co. v. City of Los Angeles</u>, 227 U.S. 278, 33 S. Ct. 312, 57 L. Ed. 510 (1913); <u>Ex parte Virginia</u>, 100 U.S. 339, 25 L. Ed. 676 (1880).

[5]     Authority: <u>Maine v. Thiboutot</u>, 448 U.S. 1, 100 S. Ct. 2502, 65 L.Ed.2d 555 (1980); <u>Martinez v. California</u>, 444 U.S. 277, 100 S. Ct. 553, 62 L. Ed. 2d 481 (1980); <u>Baker v. McCollan</u>, 443 U.S. 137, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979); <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## State of Mind - General

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendants acted intentionally.  If you find that the acts of the defendant was merely negligent or through a mistake of fact, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.[6]

## State of Mind – Intentional

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  In determining whether the defendants acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.[7]

## State of Mind – Negligence

An act is negligent if the defendants were under a duty or obligation, recognized by law, that required them to adhere to a certain standard of conduct to protect others against unreasonable risks, and they breached that duty or obligation.[8]

---

[6]     Authority:  Daniels v. Williams, 474, U.S. 327, 106 S. Ct. 622, 88 L. Ed. 2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 106 S. Ct. 668, 88 L.Ed.2d 677 (1986).

[7]     Authority:  Modern Federal Jury Instructions, § 87.03, Instruction 87-76.

[8]     Modern Federal Jury Instruction, § 87-03, Instruction 87-78.

**Third Element:  Causation**
**Proximate Cause - Generally**

The third element which the plaintiff must prove is that the defendants' acts were a proximate cause of the injuries sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of the defendants and any injury or damage sustained by the plaintiff.  An act of omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendants' act or omission, it was reasonably caused by such act or omission.  In other words, if the defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants.  If you find that the defendants have proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendants' conduct, you must find that the defendants did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.   Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A Defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendants.[9]

---

[9]     Authority:  Graham v. Western Line Consolidated School District, 439 U.S. 410, 99 S. Ct. 693, 58 L.Ed.2d 619 (1979); Mt. Healthy City School Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977).

# INSTRUCTION NO. 6

In the present case, the plaintiff contends that he was terminated from his employment at the Department of Veteran Affairs in July 2002 without a hearing in violation of constitutional his right to due process of law.   Procedural due process requires that the state provide a person with a pre- or post deprivation hearing involving a constitutionally protected property interest.  A property interest can include a position in state service.  The court has determined as a matter of law that the plaintiff's position at the Department of Veterans Affairs constitutes a property interest. You must decide whether any or all of her the defendants intentionally deprived the plaintiff of a hearing relating to his termination in July 2002.

As I have instructed, your task in this case is to determine if the defendants intentionally violated the plaintiff's constitutional rights, and if so, to determine the amount of damages consistent with my instructions to you. As managers, the defendants had discretion to make business judgments. As you consider the evidence you must keep in mind that the defendants' judgment is not the issue, but rather your must focus solely on the defendants' motivation for their actions.[10]

Furthermore,  the law does not impose liability for accidental or negligent conduct. The plaintiff must show more than that the defendants made an unwise business decision or an

---

[10] Blake-McIntosh v. Dadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D. Conn. August 10, 1999), Gray v. New England Tel. And Tel. Co., 792 F.2d 251, 255 (1st Cir. 1986).

unnecessary personnel move, or acted arbitrarily.  Good faith errors in a defendant's business judgment are not, standing alone, evidence of wrongful conduct..[11]

---

[11] <u>Smith v. Monsanto Chemical Co.</u>, 779 F.2d 719, 723 n.3 (8th Cir. 1985) cert. denied, 475 U.S. 1050 (1986); <u>Cowan v. Glenbrook Security Servs, Inc.</u>, 123 F. 3d 438, 445-46 (7th Cir. 1997); <u>Stemmons v. Missouri Dept. of Corrections</u>, 82 F.3d 817, 819 (8th Cir. 1996); <u>Mungin v. Kattin Muchin & Zarvis</u>, 116 F.3d 1549, 1556  (D.C. Cir. 1997).

# INTRUCTION NO. 7

**Immunity**

Should you find that the defendants have violated Section 1983, you must then decide whether the defendants are immune from liability. The defense of immunity is to be considered by you only if you find that the plaintiff has proven a deprivation of federal, constitutional or statutory rights under color of state law and has proven that the deprivation caused the plaintiff's injury. If you find that the plaintiff has not proven each element of his case by a preponderance of the evidence, then you shall ignore my instructions on the defense of immunity and return a verdict for the defendants.

The plaintiff alleges that he has been harmed by the defendants' actions by denying him his due process rights when he was separated from state service during what they believed to be his working test period. If you find that the defendants engaged in this behavior and that the plaintiff was harmed by it, then you must consider whether the defendants' actions were protected by what is called a qualified immunity.[12]

## Qualified Immunity

At the time of the incident giving rise to the lawsuit, it was clearly established law that the Fourteenth Amendment protects public employees from adverse actions. Even if you find that the defendants did deprive the plaintiff of his constitutional rights, however, the defendants still may not be liable to the plaintiff. That is so because the defendants may be entitled to what

---

[12]    Authority:  United States Supreme Court:  Cleavinger v. Saxner, 474 U.S. 193, 106 S. Ct. 496, 88 L.Ed.2d 507 (1985); Briscoe v. LaHue, 460 US 325, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983); Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 99 S. Ct. 1171, 59 L. Ed. 2d 401 (1979); Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); Tenney V. Brandhove, 341 U.S. 367, 71 S. Ct. 783, 95 L. Ed. 1019 (1951).

is called a qualified immunity.  If you find that the defendants are entitled to such an immunity, you may not find them liable.

The defendants will be entitled to a qualified immunity if, at the time they deprived the plaintiff of his Constitutional rights as described above, they neither knew nor should have known that their actions were contrary to federal law.  The simple fact that the defendants acted in good faith is not enough to bring them within the protection of this qualified immunity.  Nor is the fact that the defendants were unaware of the federal law.  The defendants are entitled to a qualified immunity only if they did not know what they did was in violation of federal law **and** if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of the defendants' conduct, you may consider the nature of the defendants' official duties, the character of their official position, the information which was known to that defendants or not known to them and the events which confronted them.  You must ask yourself what a reasonable official in the defendants' situation would have believed about the legality of their conduct.  You should not, however, consider what the defendants' subjective intent was, even if you believe it was to harm the plaintiff.  You may also use your common sense.  If you find that a reasonable official in the defendants' situation would believe their conduct to be lawful, then this element will be satisfied.

The defendants have the burden of proving that they neither knew nor should have known that their actions violated federal law.  If the defendants convinces you by a preponderance of the evidence that they neither knew nor should have known that their actions violated federal law,

then you must return a verdict for the defendants, even though you may have previously found that the defendants in fact violated the plaintiff's rights under color of state law.[13]

---

[13]     Authority:  <u>Anderson v. Creighton</u>, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987); <u>Malley v. Briggs</u>, 475 U.S. 335, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986); <u>Harlow v. Fitzgerald</u> 457 U.S. 800, 102 S. Ct.  2727, 73 L. Ed. 2d 396 (1982) <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974); <u>P.C. v. McLaughlin</u>, 913 F.2d 1033 (2d Cir. 1990); <u>Gettens v. LeFevre</u>, 891 F.2d 38 (2d Cir. 1989); <u>Krause v. Bennett</u>, 887 F.2d 362 (2d Cir. 1989).

**INSTRUCTION NO.** 7

**Damages**
**Compensatory Damages - § 1983**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

If you return a verdict for the plaintiff, then you must consider the issue of actual damages.

If you return a verdict for the plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants. You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendants in violation of Section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff - you must award actual damages only for those injuries that are a direct result of actions by the defendants that are a direct result of conduct by the defendants which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.[14]

---

[14]     Authority:  Memphis Community School District v. Stature, 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983); Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); Batista v. Weir, 340 F.2d 74 (3d Cir. 1985); Familias Unidas v. Briscoe, 619 F.2d 391 (5th Cir. 1980).

**Damages for the Mere Fact of Violation**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you may return an award of nominal damages not to exceed the sum of one dollar.

Nominal damages may be awarded when the plaintiff has been deprived by the defendants of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you may award nominal damages not to exceed one dollar.[15]

**ADDITIONAL REQUESTS**

The defendant respectfully requests leave to supplement his request for jury instructions after the evidence is offered and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented, the court evidentiary rulings, and what instructions will be necessary to enable the jury to reach their verdict.

---

[15]     Authority:  <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S. Ct. 1042, 55 L.Ed.2d 252 (1978); <u>Familias Unidas v. Briscoe</u>, 619 F.2d 391 (5th Cir. 1980); <u>Williams v. Bennett</u>, 689 F.2d 1370 (11th Cir. 1982).

DEFENDANTS

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____

Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct 21487
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax: (860) 808-5383
Email:  Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

I herein certify that a copy of the foregoing Defendants' Proposed Jury Instructions was mailed this        day of August 2004 to all counsel of record via first class mail, postage prepaid, to:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

_____

Joseph A. Jordano
Assistant Attorney General